Marian F. Harrison
US Bankruptcy Judge

Dated: 10/22/12

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 312-01157 |
| LONNIE GENE LAYNE, AND | ) |
| CHARLOTTE ANN LAYNE, | ) JUDGE MARIAN F. HARRISON |
| | ) |
| Debtors. | ) |
| | ) |
| LONNIE GENE LAYNE, AND | ) ADV. NO. 312-90485 |
| CHARLOTTE ANN LAYNE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| MARGIE GENEVA NOLAN (Individually | ) |
| and through her Power of Attorney, | ) |
| SUNNETTE PEAY) and On Behalf of | ) |
| THE ESTATE OF HERBERT W. NOLAN | ) |
| and THE HERBERT W. AND MARGIE | ) |
| GENEVA NOLAN REVOCABLE | ) |
| LIVING TRUST, AND | ) |
| HENRY B. STEWART, JR., AND | ) |
| KAREN STEWART MADDOX (As Estate | ) |
| Representative for HENRY B. STEWART | ) |
| and MAMIE A. STEWART, and THE | ) |
| HENRY B. STEWART and MAMIE A. | ) |
| STEWART REVOCABLE LIVING | ) |
| TRUST), AND THE ESTATE OF | ) |
| LARRY C. ASLUP, SR., AND THE | ) |
| ESTATE OF JEWEL ASLUP | ) |
| (Individually and through her Power | ) |
| Of Attorney, BARBARA WEBB), AND | ) |
| THE LILLARD C. AND LAURA J. | ) |

| | |
|---|---|
| **ALSUP REVOCABLE LIVING TRUST,** | ) |
| **AND CATHEY L. LEE,**[1] | ) |
| | ) |
| **Defendants.** | ) |

_____

# MEMORANDUM OPINION
_____

On August 24, 2012, the debtors filed a notice of removal of a civil action filed in the Chancery Court of Rutherford County. The above-named defendants (hereinafter "state court plaintiffs") filed the in rem action against Lilly Josephine Layne and the G.O. and L.J. Layne Revocable Living Trust (hereinafter "state court defendants") based on state law claims of constructive trust ownership and fraudulent transfers. The state court plaintiffs oppose the removal, asserting that the state court action could in no way affect the bankruptcy estate nor did the funds used ever rightfully belong to the debtors. The debtors assert that the funds used to purchase the real estate are property of the estate, and therefore, it is the debtors' responsibility, as debtors-in-possession, to pursue a fraudulent conveyance action to recover such funds for the benefit of the estate. For the following reasons, the Court finds that the state court plaintiffs' objection should be overruled.

---

[1]Lilly Josephine Layne and the G.O. and L.J. Layne Revocable Living Trust, the state court defendants, are also listed as defendants in this adversary.

2 - U.S. Bankruptcy Court, M.D. Tenn.

A debtor-in-possession assumes the powers and duties of a trustee in the administration of the estate. *See* 11 U.S.C. § 1107(a). These duties include the collection and reduction to money of all property belonging to the estate. *See* 11 U.S.C. § 704(a)(1). Accordingly, the trustee (or debtor-in-possession) may avoid transfers of an interest of the estate in property that was made within two years prior to the petition date that was made with the intent to hinder, delay, or defraud. *See* 11 U.S.C. § 548(a)(1)(A).

In the complaint filed in Chancery Court, the state court plaintiffs assert that the debtors wrongfully appropriated their funds and transferred such funds to the state court defendants for the purchase of real property. The state court plaintiffs do not assert that the funds went directly from them to the state court defendants. Instead, the funds flowed through the debtors, and therefore, the estate has an interest in such funds, and only the debtor-in-possession has standing to pursue a fraudulent transfer claim for the benefit of the estate.

In overruling the state court plaintiffs' objection, the Court notes that a debtor-in-possession is accountable for all property received, 11 U.S.C. § 704(a)(2), and "owes a fiduciary duty to maximize the value of the estate to all its creditors." ***Pacificorp Kentucky Energy Corp. v. Big Rivers Elec. Corp. (In re Big Rivers Elec. Corp.),*** 233 B.R. 739, 751 (W.D. Ky. 1998) (citations omitted). This duty to maximize the estate often trumps other

duties the debtor-in-possession may owe to individual creditors or to third parties. *Id.* at 752 (citation omitted). Given the allegations made by the state court plaintiffs, the Court expects the debtors-in-possession to pursue the fraudulent conveyance claims in the removed action.

Accordingly, the Court finds that the state court plaintiffs' objection to the removal of the above-styled adversary should be overruled.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.